IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-68,073-01 through 04






EX PARTE FERNANDO DELEON DIAZ, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 905107, 905108, 905109, 905110 IN THE 337th DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant received three convictions for aggravated sexual
assault of child, and one for indecency with a child by contact. He was sentenced to seventy-five years'
imprisonment on each aggravated sexual assault of a child conviction, and twenty years' imprisonment on
the conviction for indecency with a child by contact. The First Court of Appeals affirmed his convictions. 
Diaz v. State, Nos. 01-02-01094/01095/01096/01097-CR (Tex. App.-Houston [1st Dist.], delivered
December 18, 2003, pet. ref'd). 

 Applicant has raised, inter alia, nine separate allegations of ineffective assistance of counsel at
trial, and one that the State's suppression of evidence denied the him due process of law. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall
provide Applicant's trial counsel, and the State, with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel, and the improper suppression of exculpatory evidence. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial attorney
was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. In addition, the
trial court shall make findings of fact as to whether the Applicant was denied due process because the State
improperly suppressed evidence. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: August 22, 2007

Do not publish